UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-422-H

MASOUMEH KENNEDY                                                                             PLAINTIFF

V.

ARMED FORCES SERVICES
CORPORATION, ET AL.                                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, Don Bartholomew ("Bartholomew"), has moved to dismiss the claims against him on the grounds that agents and supervisors cannot be held individually liable for discrimination claims under the Kentucky Civil Rights Act ("KCRA"). Plaintiff has responded that Bartholomew may be liable either under a theory of conspiracy or on the grounds that he retaliated against her. In conjunction with this argument, Plaintiff has moved for leave to amend her complaint.

The Court has reviewed the motion and all of the subsequent pleadings. The matter appears to be quite easily resolved. Bartholomew was an employee of the Armed Forces Service Corporation ("AFSC") which undertook the contract work of Plaintiff's previous employer, SERCO. In her original complaint, Plaintiff alleges that Bartholomew discriminated against her on the basis of her national origin and religion when it did not continue her employment. In these circumstances, it is quite well settled that individuals do not qualify as employers and, thus, cannot be held personally liable for discrimination claims under the KCRA. *Wathen v. Gen. Electric Co.*, 115 F.3d 400, 404 (6th Cir. 1997); *Walker v. MDM Servs. Corp.,* 997 F. Supp. 822, 823 (W.D. Ky. 1998); *Conner v. Patton*, 133 S.W.3d 491, 493 (Ky. Ct. App. 2004). Plaintiff has

not alleged and does not appear to have a legal basis for alleging that Bartholomew in some way retaliated against her.

Plaintiff has alleged or attempted to allege a conspiracy among Bartholomew and other AFSC employees. The generally accepted rule is that such claim is barred under the intra-corporate conspiracy doctrine. *Jackson v. City of Columbus*, 194 F.3d 737, 753 (6th Cir. 1999) *overruled on other grounds* in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); s*ee also Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.,* 926 F.2d 505, 509 (6th Cir. 1991). Although the Kentucky Supreme Court has never addressed the intra-corporate conspiracy doctrine, this Court has followed the general rule when applying Kentucky law and has predicted that the Kentucky Supreme Court will do the same, if faced with the appropriate factual circumstances. *Hardesty v. Johnson Controls, Inc.*, No. 3:11-CV-459-H, 2011 WL 6329756, at *3 (W.D. Ky. Dec. 19, 2011); *McGee v. Cont'l Mills, Inc.*, No. 5:09-cv-00155-R, 2009 WL 4825010, at *2 (W.D. Ky. Dec. 11, 2009). The Court will continue following its precedent, and consequently finds no basis for holding Bartholomew personally liable under any subsection of KRS 344.280.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant, Don Bartholomew's motion to dismiss is SUSTAINED and all the claims against him individually DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to amend the complaint is DENIED.

cc: Counsel of Record